# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIE FRANCOIS, as personal**
**representative of the estate of Verline Jules,**

                          **Plaintiff,**

-vs-                                                **Case No.  6:11-cv-644-Orl-31GJK**

**SHELDON LIONEL  and**
**LAUREL HILLS CONDOMINIUM**
**ASSOCIATION, LLC,**

                          **Defendants.**
_____

# ORDER

   This matter comes before the Court without a hearing on the Motion to Dismiss the Second

Amended Complaint (Doc. 30) filed by the Defendants and the Response (Doc. 31) filed by the

Plaintiff.  This federal question case arises out of the drowning of Verline Jules in a pool owned

and operated by the Defendants.  The Second Amended Complaint sets forth essentially identical

negligence claims against each Defendant.  Contained within those negligence claims are

numerous allegations regarding the condition of the pool operated at the time of Jules's death, such

as contentions that the pool contained mustard algae that obscured visibility, and that the pool gate

was not latching properly.  (Doc. 29 at 4, 7).  Those negligence claims also contain allegations that

the pool was not compliant with the Virginia Graeme Baker Act, 15 U.S.C. § 8001 *et seq*., and that

the Defendants' failure to bring the pool into compliance violated that act and the Consumer

Product Safety Act, 15 U.S.C. § 2051 *et seq.*  (Doc. 29 at 5, 8).  The Second Amended Complaint

does not contain separate claims asserting violations of either of these federal laws.

The Defendants assert that the Second Amended Complaint does not assert a federal question, in that simply referring to federal laws within the context of a state law claim is not enough to transform the claim into one arising under federal law.  The Plaintiff argues that she has asserted that the pool was not in compliance with 15 U.S.C. § 8003(c), and that violations of 15 U.S.C. § 8003(c)(1) are considered to be violations of 15 U.S.C. § 2068(a)(1) of the Consumer Product Safety Act.  However, while the Consumer Product Safety Act does provide a private right of action for such violations, the Plaintiff has not asserted a claim under that act.  Rather, Plaintiff has asserted state law claims that make reference to federal law.[1]

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss the Second Amended Complaint (Doc. 30) is **GRANTED**, and the Second Amended Complaint (Doc. 29) is **DISMISSED** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 1, 2011.

Copies furnished to:

Counsel of Record

---

[1]Under certain circumstances, the presence of a significant federal issue within a state law claim can transform it into one "arising under" federal law.  *See, e.g.*, *Grable Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005) (finding federal question jurisdiction over state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").  The Plaintiff does not argue that the state law claims asserted here qualify under this standard.

Unrepresented Party